1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                    **EASTERN DISTRICT OF CALIFORNIA**
8
9
10
11   SAMMIE L. PAGE,                    )   Case No.: 1:25-cv-00718-SKO (HC)
                                        )
12              Petitioner,             )   ORDER TO ASSIGN DISTRICT JUDGE
                                        )
13        v.                            )   FINDINGS AND RECOMMENDATION TO
                                        )   DISMISS THE PETITION
14                                      )
                                        )   [TWENTY-ONE DAY OBJECTION PERIOD]
15   JANINE WALLACE,                    )
                                        )
16              Respondent.             )
                                        )
17   _____  )
18
19        Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241
20   challenging his ongoing civil recommitment proceedings to a California mental health institution
21   pursuant to California's Sexually Violent Predators Act. See Cal. Welf. & Inst. Code § 6600, et seq.
22   ("SVPA"). For the reasons discussed below, the Court will recommend the petition be dismissed.
23                                **BACKGROUND**
24        Petitioner has a history of convictions for sexual offenses dating back to the 1970s. In 2004,
25   after he completed his sentence on his most recent conviction, he was civilly committed to a state
26   mental health facility for a period of two years based upon the finding by a jury in Alameda County
27   Superior Court that he is a sexually violent predator under the SVPA. His confinement history was set
28
                                          1

1    forth in <u>Page v. King</u>, C 13-5352 WHA (PR), 2015 WL 5569434, at *1-4 (N.D. Cal. Sept. 21, 2015),

2    as follows:

3    ## I. SVPA COMMITMENT PROCEEDINGS

4    The SVPA authorizes the state to file a petition to civilly commit a person as a sexually
5    violent predator ("SVP") if he (1) has been convicted of a sexually violent offense and
     (2) suffers from a diagnosed mental disorder that makes it likely that he will engage in
6    sexually violent criminal behavior in the future. *See* Cal. Welf. & Inst. Code §
     6600(a)(1). The commitment petition must be filed while the individual is still in
7    custody under a determinate prison term, as a result of parole revocation, or under a
     special SVPA-authorized "hold." *Id.* § 6601(a)(2). After the petition is filed, the
8    superior court must hold a probable cause hearing, and then a jury trial at which the
     state must prove beyond a reasonable doubt that the individual meets the criteria as an
9    SVP. *Id.* §§ 6602-03. Originally, the SVPA provided for commitment for two-year
     terms, at the end of each the individual could be recommitted after a new trial for an
10   additional two-year term. *See Orozco v. Superior Court*, 11 Cal.Rptr.3d 573, 578-79
     (Cal. Ct. App. 2004). In November 2006, California passed Proposition 83, which
11   extended the term of commitment or recommitment to an indeterminate period, thus
     obviating the need for a recommitment proceeding for any individual committed or re-
12   committed after passage of the proposition. *Seeboth v. Allenby*, 789 F.3d 1099, 1101
     (9th Cit. 2015) (citing cases).

13   ## II. PETITIONER'S COMMITMENT PROCEEDINGS

14   Petitioner has a history of convictions for sexual offenses dating back to the 1970s. He
15   completed his sentence for the last of these convictions in 1997. Several months before
     his sentence was complete, however, prosecutors with the Alameda County District
16   Attorney's Office filed a petition in the superior court to commit him under the SVPA.
     In 2004, he was tried on that petition, and a jury found him to be an SVP. Based on that
17   finding, the superior court civilly committed him to a state mental health facility for a
     period of two years.

18   Petitioner appealed the judgment to the California Court of Appeal. In affirming, the
19   California Court of Appeal summarized the three predicate offenses presented by the
     prosecution to prove that petitioner qualified for commitment under the SVPA. *See*
20   *People v. Page*, 2005 WL 1492388 *3-5 (Cal. Ct. App. June 24, 2005). In 1971,
     petitioner was convicted of rape, second degree robbery and burglary of Antoinette B.
21   He knocked on her door and asked to use her telephone, claiming to have been beaten.
     She allowed him in, and he used a pocket knife to hit her on the back and knock her
22   down. He choked her until she "passed out," tore off her clothes, continued to hit her,
     and then he raped her. As he left, he took $40 from her purse.

23   The next predicate offense took place in 1977, when petitioner was convicted of rape,
24   oral copulation, sodomy, second degree robbery, and burglary. At around 2:00 a.m.,
     petitioner entered the home of Katherine B.. He covered her head with a towel and
25   began to choke her on the living room couch until she passed out. He pulled off her
     clothes and orally copulated her. For the next four or five hours, he alternately raped
26   her and attempted to sodomize her. He also bit her breasts, and then he led her into the
     bedroom, where he repeatedly sodomized her or attempted sodomize her while she
27   continued to complain of "extreme pain." While raping her, petitioner said, "Please
     don't make me angry and have to do something to you," and she tried to stay quiet and
28   limp because her two young daughters, ages seven and ten, were sleeping in a rear

bedroom. Before leaving, petitioner stole a credit card and $16 from Katherine's purse. Katherine suffered abrasions and vaginal and rectal bleeding for four to five days.

The third predicate offense was for rape, second degree robbery, sodomy, and residential burglary in 1987. Petitioner entered the home of Leona L., who was fifty-nine years old, at around 1:30 a.m.. After a struggle, petitioner began choking her and forced her onto a couch, where he raped her. He told her, "Loosen up. Be nice to me. If you're not nice to me, I may kill you." He put a quilt over her head, and tried to sodomize her. She took a kitchen knife and threatened to stab petitioner, but he took it from her and poked her with it several times. He then sodomized her, and beat her further, knocking her dental bridge from her mouth. Leona suffered "excruciating anal and rectal pain that caused rectal bleeding," as well as back and leg pain for months. Before leaving, petitioner took six dollars from the kitchen table and three bottles of wine, and he said, "Okay, now you can call the police."

The prosecution also presented the opinions of two mental health professionals, Drs. Finnberg and Putman, that petitioner suffered from "paraphilia not otherwise specified [N.O.S.]," "sexual sadism" and antisocial personality disorder; that petitioner remained in the highest risk category of recidivism rate (52%) in the next 15 years; that an age-related decline in the likelihood that he would commit sexual offenses would not be expected; that he continued to be a danger to others; and that he remained an SVP. These evaluations were based in part on petitioner's aversion to mental health treatment at the state hospital where he was detained, his three predicate sex offenses, and a number of other incidents involving petitioner's sexually violent behavior against women.

Petitioner's appeal to the California Supreme Court was summarily denied.

While the commitment petition was pending, and before he was tried, petitioner filed a number of federal habeas petitions. These petitions were dismissed on various grounds, including two dismissed on abstention grounds under *Younger v. Harris*, 401 U.S. 37 (1971). *See, e.g., Page v. Lockyer*, No. C 03-2282 VRW (PR) (N.D. Cal., May 28, 2003); *Page v. Lockyer*, No. C 03-2364 VRW (PR) (N.D. Cal., June 6, 2003). Petitioner appealed from the latter of these dismissals, and the United States Court of Appeals affirmed. A subsequent pre-trial federal habeas petition, asserting the violation of the right to a speedy trial, was denied on its merits, *see Page v. Lockyer*, No. C 03-4797 VRW (PR) (N.D. Cal. May 26, 2005) (Order), and that decision was affirmed on appeal, *Page v. Lockyer*, 200 Fed. Appx. 727, 727-29 (9th Cir. 2009).

After petitioner was tried in state court and committed under the SVPA in 2004, he filed federal habeas petition challenging that commitment decision. *See Page v. Mayberg*, No. C 05-4141 VRW (PR) (N.D. Cal.). That petition was denied on its merits on April 5, 2007.

III. PETITIONER'S RE-COMMITMENT PROCEEDINGS

Before petitioner's two-year civil commitment term expired, prosecutors petitioned the Alameda County Superior Court to re-commit petitioner under the SVPA for another two-year term. In May 2006, following two continuances requested by petitioner's counsel, the superior court held a hearing and found probable cause. That determination relied on the same predicate offenses described above, as well as upon two new mental health evaluations, conducted by Drs. Coles and Hupka, in 2006 concluding that petitioner remained an SVP. The prosecutor amended the re-commitment petition in December 2006 to seek an indefinite (as opposed to two-year) re-commitment term based on the recent changes to the SVPA under Proposition 83. Four new mental health

3

evaluations were performed in 2012, two of which concluded that petitioner remained an SVP, and two of which did not, based upon his age.

Although the re-commitment petition was initially filed in February 2006 and amended in December 2006, and probable cause was found in May 2006, petitioner has still not been tried on the petition. Respondent was ordered to explain this lengthy delay, and has submitted a declaration by the prosecutor assigned to the case since 2009, as well as the state court records of the entire re-commitment proceedings since they began in March 2006 (Resp. Supp. Br. (Dkt. 27) Exhs. A, B). Respondent attempted to obtain a declaration from the attorney representing petitioner in the re-commitment proceedings, but counsel declined to provide one, citing the attorney-client privilege (*id*. Exh. C ¶¶ 3-4). Petitioner has submitted a responsive brief, but he does not dispute the explanation for the delay set forth in the state court records and the prosecutor's declaration.

The state court records and the prosecutor's declaration show that the parties have appeared over 40 times in court since the probable cause determination in May 2006, and each time the trial date has been put off, in most instances by petitioner (*id*. Exhs. A, B at ¶ 13). These records show an aggregate of approximately seven years of delay since the probable cause hearing were caused by petitioner or his attorney filing numerous motions, pro se petitions, requesting continuances, and waiving the setting of a trial date (*id*. Exh. B at ¶ 13m, r-v, z, aa, bb, dd-gg, ii-mm, oo-yy; Exh. A at 386, 410, 412, 416, 418, 420, 428, 430, 432, 436, 438, 440, 442, 446, 448, 450, 452, 454, 458, 460, 462, 464, 466, 468, 470, 472; Supp. Reply (dkt. 36) Ott. Decl. ¶ 2). In no instance has petitioner or his attorney requested that the trial date be set, and only one six-day continuance was requested by the State, in December 2006 (*id*. Exhs. A, B). The remainder of the delay, totaling approximately two years, is not explained by the state court minute orders or by the prosecutor's declaration because they precede the current prosecutor's assignment to the case in July 2009 (*ibid*.). Even this unexplained portion of the delay was likely caused by the defense, however, because the ordinary practice in these proceedings is to continue the setting of the trial date only at the request of the defense (*id*. Exh. B at ¶¶ 8-9). At the most recent hearing in his re-commitment proceeding, on August 7, 2015, the defense again requested that the case be continued again to January 18, 2016, for setting a trial date at that time (Supp. Reply (dkt. 36) Ott. Decl. ¶ 2). Petitioner does not dispute the foregoing explanation of the delay by the prosecutor and the state court records, nor does he offer any alternate explanation of his own.

Petitioner has challenged his ongoing re-commitment proceedings in a federal habeas petition before. *Page v. King*, No. C 12-3721 WHA (PR). That petition was dismissed without prejudice on abstention grounds because the trial on petitioner's re-commitment petition had not yet taken place. Petitioner appealed the judgment, and the United States Court of Appeals denied a certificate of appealability. Petitioner thereafter filed a motion for reconsideration in the district court, which was denied. When he appealed the denial of reconsideration, the Court of Appeals granted a certificate of appealability in which it ordered the parties to explain the delay in the 2006 re-commitment proceedings.

Page v. King, No. C 13-5352 WHA (PR), 2015 WL 5569434, at *1-4.

Following remands from the Ninth Circuit, this Court addressed Petitioner's due process challenges to his ongoing commitment pending recommitment proceedings. Page v. King, Case No. 1:16-cv-00522-AWI-JLT (E.D. Cal. Sept. 28, 2020). Petitioner had claimed there was no probable

cause to support his detention pursuant to the Fourteenth and Fourth Amendments. He claimed his diagnoses were medically invalid; he alleged the probable cause finding was based on stale evaluations; and he claimed that his recommitment proceedings were based on insufficient evidence because the probable cause finding was based on written reports without live testimony. The Court rejected all of Petitioner's claims.

Petitioner appealed to the Ninth Circuit. Id., Doc. 161. On October 7, 2021, the Ninth Circuit affirmed. On January 24, 2022, the Ninth Circuit denied Petitioner's petition for panel rehearing. Id., Doc. 163.

## DISCUSSION

Petitioner brings the instant habeas petition again challenging his ongoing commitment. Most of the petition realleges the same claims previously dismissed in Page v. King, Case No. 1:16-cv-00522-AWI-JLT.  He contends recommitment proceedings violate his constitutional rights under the Fourteenth Amendment. He contends his ongoing commitment violates his Fourth Amendment right to be free from pretrial detention without a valid probable cause determination. Petitioner's attempts to relitigate these claims constitute an abuse of the writ. 28 U.S.C. § 2244(a).

Petitioner also contends his counsel has rendered ineffective assistance in his recommitment proceedings in violation of due process and equal protection, including failure to investigate, failure to abide by professional norms, and failure to communicate with Petitioner. He also contends the Fresno County Superior Court erred by abstaining from ruling on his various motions, because recommitment proceedings were currently underway in Alameda County Superior Court and his motions were more appropriately heard in that court. The Court finds that it should abstain from interfering in the state court proceedings.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v.

Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

Interference is appropriate only upon a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." Younger, 401 U.S. at 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied); Carden v Montana, 626 F2d 82, 84 (9th Cir. 1980) (only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate). The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved. Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).

Younger applies to the pending SVPA recommitment proceedings against Petitioner: the proceedings are judicial in nature, involve important state interests and afford Petitioner an adequate opportunity to raise constitutional issues. Indeed, according to the online case information for Petitioner in Alameda County Superior Court, a Marsden motion hearing was held on November 22, 2024; hearings were also held on December 20, 2024, February 28, 2025, and March 7, 2025; an SVP hearing was set for June 13, 2025; another Marsden hearing is set for July 18, 2025; a probable cause hearing is set for July 21, 2025; and jury trial is set for October 27, 2025. See People v. Page, Case No. 131518 (Alameda Cty. Super. Ct.) There is no indication that Younger abstention is not appropriate because SVPA, as applied to him or on its faith, is "flagrantly and patently violative of his constitutional rights." Nor does petitioner show bad faith or harassment. Under the rationale of Younger, the petition must be dismissed without prejudice to refiling after SVPA re-commitment proceedings challenged herein, including appeal, are completed.

1

**ORDER**

2        The Clerk of Court is directed to assign a district judge to the case.

3

**RECOMMENDATION**

4        For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition be dismissed

5    without prejudice to refiling after SVPA recommitment proceedings are completed.

6        This Findings and Recommendation is submitted to the United States District Court Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

8    Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-

9    one (21) days after being served with a copy of this Findings and Recommendation, a party may file

10   written objections with the Court and serve a copy on all parties. Id. The document should be

11   captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed

12   fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider

13   exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party

14   should reference the exhibit in the record by its CM/ECF document and page number, when possible,

15   or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page

16   limitation may be disregarded by the District Judge when reviewing these Findings and

17   Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

18   objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.

19   Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is

20   immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule

21   4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's

22   judgment.

23

24   IT IS SO ORDERED.

25   Dated:  __**June 13, 2025**__              _____/s/ *Sheila K. Oberto*_____

26                                                    UNITED STATES MAGISTRATE JUDGE

27

28

7