1
2
3
4
5
6
7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   SAMMIE L. PAGE,                        No. 1:25-cv-00718 JLT SKO (HC)

12                  Petitioner,             ORDER DENYING PETITIONER'S
                                            MOTIONS (Docs. 15, 17)
13          v.
                                            ORDER ADOPTING FINDINGS AND
14   JANINE WALLACE,                        RECOMMENDATION
                                            (Doc. 7)
15                  Respondent.
                                            ORDER DISMISSING PETITION FOR
16                                          WRIT OF HABEAS CORPUS AND
                                            DIRECTING CLERK OF COURT TO
17                                          ENTER JUDGMENT AND CLOSE CASE

18                                          ORDER DECLINING TO ISSUE
                                            CERTIFICATE OF APPEALABILITY
19

20          Sammie L. Page has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

21   2241, alleging that his ongoing pretrial detention at Coalinga State Hospital and re-commitment

22   proceeding pending in the Alameda County Superior Court pursuant to California's Sexually

23   Violent Predators Act ("SVPA")[1] violate the Fourth and Fourteenth Amendments; and that his

24   federal rights to effective assistance of counsel, due process, equal protection, and access to

25   habeas corpus have been denied in relation to the Alameda County SVPA re-commitment

26   proceeding and a related state habeas corpus proceeding recently dismissed on abstention grounds

27   _____

28   [1] Alameda County Superior Court Case No. 131518.

                                            1

1    in Fresno County Superior Court.[2] This matter was referred to a United States Magistrate Judge

2    pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

3            On June 13, 2025, the Magistrate Judge issued Findings and Recommendation that the

4    petition be dismissed without prejudice to refiling after the SVPA re-commitment proceeding

5    challenged herein, including appeal, are completed. (Doc. 7). The Court served the Findings and

6    Recommendation on Petitioner and notified him that any objections were due within 21 days.

7    (*Id.*). On June 30, 2025, Petitioner filed objections. (Doc. 10).

8            As noted by the Magistrate Judge in the Findings and Recommendation, Petitioner's

9    Fourteenth and Fourth Amendment challenges to pretrial detention and the re-commitment

10   proceeding including as related to delay, and invalid, insufficient and stale probable cause, are an

11   abuse of the writ because these claims previously were rejected by the Court. (*See* Doc. 7 at 4-5

12   citing 28 U.S.C. 2244(a); *Page v. King*, 2020 WL 3057461 (E.D. Cal. June 9, 2020), *report and*

13   *recommendation adopted,* 2020 WL 5758631 (E.D. Cal. Sept. 28, 2020), *aff'd sub nom. Sammy L.*

14   *Page, Petitioner-Appellant, v. Audrey King, Acting Exec Dir, CA Dept of Mental Health,*

15   *Respondent-Appellee*, 2021 WL 4690953 (9th Cir. Oct. 7, 2021)); *see also Dunlap v. Arviza*,

16   2024 WL 5146020, at *2 (E.D. Cal. Dec. 17, 2024), *report and recommendation adopted,* 2025

17   WL 83322 (E.D. Cal. Jan. 13, 2025) ("The abuse of writ doctrine codified under § 2244(a)

18   applies in § 2241 proceedings[.]"); *Wilson v. Wrigley*, 2008 WL 4845225, at *3 (E.D. Cal. Nov.

19   7, 2008) (same).

20           As the Magistrate Judge further noted, Petitioner's newly asserted federal claims raising

21   denial of effective assistance of counsel, due process, equal protection, and access to habeas

22   corpus in relation to his re-commitment proceeding pending in Alameda County Superior Court

23   and his related (dismissed) habeas corpus proceeding in Fresno County Superior Court,[3] are

24   properly the subject of *Younger* abstention. (*See* Doc. 7 at 5-6, citing *Younger v. Harris*, 401 U.S.

---

26   [2] Fresno County Superior Court Case No. 22CRWR686854.

27   [3] Petitions for review of the Fresno County Superior Court dismissal order were summarily
     denied. *See* California Court of Appeal–Fifth Appellate District Case No. F089467; California
28   Supreme Court Case Nos. 290063, 290066.

1  37, 43-54 (1971)).[4]

2        Petitioner's objections, which consist of conclusory argument and string citations largely

3  untethered to the facts and circumstances of the case, fail to persuade otherwise. (*See* Docs. 10,

4  14, 16). For example, Petitioner makes no sufficient proffer in avoidance of successiveness

5  principles or in support of functional suspension of federal habeas corpus. Petitioner's federal

6  claims raised by ongoing pretrial detention have been reviewed and rejected. Petitioner retains the

7  opportunity to raise federal and habeas claims in the ongoing SVPA re-commitment proceeding

8  in the Alameda County Superior Court. *See Younger*, 401 U.S. at 43–54; *Middlesex Cnty. Ethics*

9  *Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Sprint Communications, Inc. v.*

10 *Jacobs*, 571 U.S. 69, 73, 78-82 (2013). Petitioner's re-argument of the underlying petition and his

11 disagreement with the Magistrate Judge's Findings and Recommendation, are not a basis for

12 objection.

13       Additionally, the Court denies Petitioner's pending motions for relief. Petitioner's motion

14 that the Court reconsider the Magistrate Judge's refusal to appoint counsel including in aid of the

15 petition and unspecified supplemental objections (Doc. 15), is denied because it is unsupported by

16 any proffer of error or action contrary to law, and for the reasons stated. *See also* 28 U.S.C. §

17 636(b)(1)(A); Local Rule 303. Petitioner's motion for a determination of matters pending with the

18 Court (Doc. 17), is denied because it is moot with issuance of this order.

19       According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this

20 case. Having carefully reviewed the matter, the Court concludes the Findings and

21 Recommendation are supported by the record and proper analysis.[5]

22       Finally, the Court declines to issue a certificate of appealability.[6] A prisoner seeking a writ

23

24 [4] The Court takes notice of the docket in *People v. Page*, Alameda County Superior Court Case
   No. 131518, which shows that a probable cause hearing is set for December 4, 2025. *See*
25 https://publicrecords.alameda.courts.ca.gov/CalendarSearch/ (last visited November 13, 2025);
   Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate
26 determination by sources whose accuracy cannot reasonably be questioned).
   [5] The Court has considered the matters of which Petitioner seeks judicial notice. (*See* Docs. 14,
27 16).

28 [6] The Court notes that Petitioner, in his objections, requests a certificate of appealability as to all

3

of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)     There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), *superseded by statute as stated in Slack*).

Here, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable

claims in the petition. (*See* Doc. 10 at 4-5).

4

jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1.    Petitioner's motions (Docs. 15, 17) are **DENIED**.

2.    The Findings and Recommendation issued on June 13, 2025, (Doc. 7), are **ADOPTED** in full.

3.    The petition for writ of habeas corpus is **DISMISSED** without prejudice.

4.    The Clerk of Court is directed to enter judgment and close the case.

5.    A certificate of appealability is **DECLINED**.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    **November 17, 2025**

UNITED STATES DISTRICT JUDGE